JUSTICE WHEAT
dissents.
¶86 I concur with the majority opinion in all respects except the issue related to attorney fees, and in that respect I dissent from the Court’s reversal of the District Court’s ruling on attorney’s fees. The method of calculation of attorney’s fees is in the discretion of the court, Tacke v. Energy West Inc., 2010 MT 39, ¶ 38, 355 Mont. 243, 227 P.3d 601, and here the court found that the contingency fee was the proper measure based on the amount Newman would have to compensate her attorneys, the complexity of the case, the risk of no recovery, and the understanding that the underlying judgment presumed the present suit. Moreover, § 25-10-301, MCA, allows the measure of attorney’s fees to be left to either express or implied agreement, and in the absence of an agreement covering the present case, it appears that the court implied a contingency agreement at the 1/3 rate used by the parties in the underlying case.
¶87 The court held an evidentiary hearing on fees and determined *157 that a contingency basis was the proper measure of attorney’s fees based on the testimony provided and the nature of the case. Because of the deferential standard of review and the assignment of rights, I do not think that the court clearly abused its discretion by applying the same contingency basis that Newman and her attorneys used in the underlying, action.
¶88 For these reasons, I would affirm the District Court’s ruling on attorney’s fees. I respectfully dissent from the majority’s failure to do so.